IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TIMOTHY ROBERTSON,**
**Claimant Below, Petitioner**

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-185**          (JCN: 2022015849)

**BROOKE COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Robertson appeals the March 27, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Brooke County Commission ("BCC") timely filed a response.[1] Mr. Robertson did not reply. The issue on appeal is whether the Board erred in affirming three separate claim administrator's orders, which (1) denied a request for screening facet blocks at the L4-L5 and L5-S1 levels, (2) denied a request for continued physical therapy for the lumbar spine, and (3) closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robertson was working as a sheriff's department sergeant when he fell while apprehending a suspect on December 29, 2021. Mr. Robertson completed an Employees' and Physicians' Report of Occupational Injury or Disease on January 27, 2022, which stated that he suffered an injury while making an arrest on December 29, 2021. The physician's portion which was completed by personnel at Greenbrier Emergency Services on January 27, 2022, reported an occupational injury to Mr. Robertson's back, and noted that he would be off work from January 27, 2022, to February 8, 2022.

By order dated August 1, 2022, the claim administrator granted authorization for a right minimally invasive L3-L4 microforaminotomy. On January 9, 2023, Chen Xu, M.D., performed a minimally invasive L3-L4 hemilaminectomy, medial facetectomy and microforaminotomy for Mr. Robertson's diagnoses of right L3-L4 foraminal stenosis and

---

[1] Mr. Robertson is represented by Christopher J. Wallace, Esq. BCC is represented by James W. Heslep, Esq.

right L3 radiculopathy. The postoperative diagnosis was right L3-L4 foraminal stenosis and right L3 radiculopathy.

Dr. Xu signed a Diagnosis Update on May 26, 2023, listing Mr. Robertson's primary diagnosis as lumbar pain from a disc herniation. Dr. Xu listed the secondary diagnoses as right lumbar radiculopathy and interventional disc disorder with right-sided radiculopathy. A June 8, 2023, claim administrator's order added sprain of ligaments of the lumbar spine, radiculopathy lumbar region, and intervertebral disc disorder with radiculopathy of the lumbar region as compensable conditions in the claim, based on Dr. Xu's Diagnosis Update form.

On June 21, 2023, Mr. Robertson underwent an MRI, which revealed chronic postsurgical changes on the right at L3-L4; right neural foraminal stenosis at L3-L4 with impingement of the exiting right L3 nerve root; and additional degenerative changes of the mid and lower lumbar spine.

Michael Condaras, D.C., performed a physician review of Mr. Robertson's claim on August 9, 2023, in which he opined that physical therapy for six weeks for Mr. Robertson's right sacroiliac joint dysfunction should not be approved. Dr. Condaras noted that the claim was accepted only for lumbar sprain, radiculopathy to the lumbar region, and an intervertebral disc disorder with radiculopathy to the lumbar region.

On October 30, 2023, Mr. Robertson underwent an independent medical evaluation ("IME") performed by Scott Rainey, D.O., who assessed sprain of the ligaments of the lumbar spine, radiculopathy lumbar region, and intervertebral disc disorder with radiculopathy in the lumbar region. With respect to the diagnosis of lumbar sprain/strain, Dr. Rainey opined that Mr. Robertson had reached maximum medical improvement ("MMI") for the compensable injuries and that he was well removed from the average treatment period of six weeks to three months. Further, Dr. Rainey opined that Mr. Robertson was at MMI for the diagnoses of radiculopathy of the lumbar region and intervertebral disc disorder with radiculopathy.

On November 9, 2023, Mr. Robertson was seen by Richard Plowey, M.D. Mr. Robertson reported that he was making an arrest on December 29, 2021, when he fell and hit his knee. Further, Mr. Robertson reported that he noticed knee pain which worsened, and seemed to radiate from his low back and into the right knee. Dr. Plowey noted that Mr. Robertson continued to have pain in his right lower extremity with radiation to the posterolateral distribution into the thigh, tibial region, and ankle laterally. Further, Dr. Plowey noted that Mr. Robertson had inadequate relief with epidural injections. Dr. Plowey listed the current problems assessed as spondylosis without myelopathy, or radiculopathy to the lumbar region, right hip joint pain, right-sided sacroiliac joint pain, and spinal stenosis in the lumbar region with neurogenic claudication. Dr. Plowey recommended that Mr. Robertson undergo bilateral screening facet blocks at the L4-L5 and L5-S1 levels.

On December 6, 2023, the claim administrator issued an order denying authorization for screening facet blocks of the bilateral L4-L5 and L5-S1 levels based on an IME conducted by Rebecca Thaxton, M.D., which stated that Mr. Robertson was at MMI, and that he did not introduce evidence supporting additional injections.[2] By separate order dated December 6, 2023, the claim administrator denied authorization for continued physical therapy of the lumbar spine three times per week. The claim administrator's order noted that additional physical therapy would exceed guidelines set forth by West Virginia Code of State Rules § 85-20-46.8 (2006), and that Dr. Thaxton's IME did not support additional therapy.[3]

On January 5, 2024, the claim administrator issued a third order, which closed Mr. Robertson's claim for TTD benefits.

Mr. Robertson followed up with Dr. Xu on January 4, 2024. Dr. Xu noted that after Mr. Robertson's surgery, he had improvement in his preoperative lower extremity pain but that he did have persistent pain in the right side of his back buttocks and radiation into his groin. Dr. Xu opined that Mr. Robertson likely had features of SI joint dysfunction on the right, and given the mechanism of the work-related injury, he could have SI joint dysfunction in addition to radiculopathy. Dr. Xu diagnosed status post lumbar microdiscectomy, lumbar radiculopathy, lumbar foraminal stenosis, lumbar degenerative disc disease, chronic bilateral low back pain with right sided sciatica, and right leg pain.

By order dated March 27, 2024, the Board affirmed the claim administrator's (1) order, which closed the claim for TTD benefits; (2) order, which denied a request for screening facet blocks at L4-L5 and L5-S1; and (3) order which denied a request for continued physical therapy. The Board concluded that Mr. Robertson did not provide the necessary medical evidence to establish that he is temporarily and totally disabled due to his compensable injury, and that screening facet blocks at L4-L5 and L5-S1 are not

---

[2] Dr. Thaxton's IME report was not submitted to this Court on appeal. The Board's order notes that Dr. Thaxton concluded that additional physical therapy exceeded the guidelines set forth in W. Va. Code R. § 85-20-46.8 (2006), that Dr. Rainey's IME did not support additional physical therapy, and that additional treatments included therapy for the noncompensable S1 and right hip. The Board also noted that Dr. Thaxton opined that since additional lumbar treatments were under consideration "the maximum medical improvement determination could be in question."

[3] W. Va. Code. R. § 85-20-46.8, relating to physical medicine guidelines, states:

> Reimbursement shall be disallowed for any treatment rendered after the injured worker reaches maximum medical improvement unless otherwise explicitly authorized by this rule.

medically related and reasonably required treatment of the compensable injury and continued physical therapy is barred by Rule 20 because Mr. Robertson is at MMI. It is from this order that Mr. Robertson now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

On appeal, Mr. Robertson asserts that he is not at MMI, and that additional care is needed for his symptoms. Further, he asserts that the Board overlooked important facts, including the fact that Dr. Rainey found that Mr. Robertson needs to continue working on his strength and flexibility, and the fact that Mr. Robertson requires the use of a cane. Mr. Robertson also argues that his treating physicians, including Dr. Plowey, recommended ongoing physical therapy, and determined Mr. Robertson's is an exceptional case. Finally, Mr. Robertson cites to Syllabus Point 5 of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 979 S.E.2d 779 (2022), and argues that his disability must be presumed to be from his workplace injury. We disagree.

As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones, which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in affirming the claim administrator's orders, which (1) denied a request for screening facet blocks at L4-L5 and L5-S1 levels, (2) denied a request for continued physical therapy, and (3) closed the claim for TTD benefits.

4

We conclude that the Board did not err in affirming the claim administrator's orders which denied a request for screening facet blocks at the L4-L5 and L5-S1 levels. The claim administrator must provide a claimant with medically related and reasonably required treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006). Here, the Board concluded that the request for screening facet blocks at L4-L5 and L5-S1 was for treatment of spondylosis without myelopathy or radiculopathy to the lumbar region, right hip joint pain, right-sided sacroiliac joint pain, and spinal stenosis in the lumbar region, which are not compensable conditions in the claim. Therefore, the Board determined that the claim administrator did not err in denying the facet blocks of the bilateral L4-L5 and L5-S1 levels. We agree and conclude that the Board was not clearly wrong in its decision.

Likewise, we conclude that the Board did not err in affirming the claim administrator's order which denied continued physical therapy of the lumbar spine. As noted by the Board, West Virginia Code of State Rules § 85-20-46.8 provides that reimbursement for physical therapy rendered after a claimant has reached MMI shall be disallowed. Although there is an exception in West Virginia Code of State Rules § 85-20-46.7 for flare-ups due to on-the-job activities, the Board found that Mr. Robertson did not establish that he meets this exception. Further, the Board noted that Dr. Rainey's IME did not support further therapy, as he found that Mr. Robertson had reached MMI. Based on the foregoing, we conclude that the Board's decision to affirm the claim administrator's order which denied continued physical therapy is supported by substantial evidence in the record.

Turning to the issue of Mr. Robertson's TTD benefits, to qualify for TTD benefits, a claimant must be unable to return to employment because of a compensable injury. If a claimant is released to return to work, returns to work, or is placed at MMI, he or she is no longer entitled to TTD benefits. *See* West Virginia Code § 23-4-7a (2005). The Board noted that in his October 30, 2023, IME report, Dr. Rainey opined that Mr. Robertson had reached MMI for the compensable conditions of sprain of ligaments of the lumbar spine, radiculopathy of the lumbar region, and intervertebral disc disorder. Further, the Board noted that medical records after Dr Rainey's evaluation cited conditions that were not compensable, including hip and leg pain, SI joint dysfunction, and facet arthritis. The Board found that Dr. Thaxton's comment that Dr. Rainey's finding that Mr. Robertson had reached MMI "could be in question" was not persuasive. The Board concluded that Mr. Robertson did not provide the necessary medical evidence to establish that he is temporarily and totally disabled due to his compensable injury. We defer to the Board's findings and conclude that the Board did not err in affirming the claim administrator's order, which closed the claim for TTD benefits.

Finally, Mr. Robertson argues that the presumption under *Moore*, 247 W. Va. 292, 879 S.E.2d 779, syl. pt. 5, should apply in this case, and that his disability should be presumed to be from his workplace injury. However, a *Moore* analysis would not affect

the outcome here, as compensability is not at issue in this appeal. Instead, the issues on appeal are treatment of noncompensable conditions, denial of continued physical therapy after Mr. Robertson was determined to be at MMI, and closure of TTD benefits.

Accordingly, we affirm the Board's March 27, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating